# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GREG HERRICK, | CV 16-06324 TJH (SKx) |
| Plaintiff, | |
| v. | Order |
| NATIONAL FOOTBALL LEAGUE, *et al.*, | [JS-6] |
| Defendants. | |

The Court has considered Defendant National Football Museum, Inc., d/b/a Pro Football Hall of Fame's [the "HOF"] motion to dismiss or, in the alternative, to transfer, and National Football League's ["NFL"] motion to dismiss and joinder in the HOF's motions, and Plaintiff's motion for an order limiting Defendants' communications with class members, together with the moving and opposing papers.

Herrick purchased tickets to the 2016 Hall of Fame football game between the Green Bay Packers and the Indianapolis Colts scheduled for 8:00 p.m., Sunday, August 7, 2016 [the "Game"] at the Tom Benson Hall of Fame Stadium [the "Stadium"] adjacent to the HOF building in Canton, Ohio. Herrick alleges that, on Game day, the Stadium's grounds crew, after, allegedly, removing the Stadium's field covering late, noticed that the paint on the field was not drying quickly enough. The playing field was

not grass, but, instead, was a turf known as FieldTurf that is composed of rubber pellets. To dry the paint, the grounds crew, allegedly, heated the field. As a result, the FieldTurf's rubber pellets melted. To reconstitute the melted rubber, the grounds crew allegedly applied a substance that burns skin on contact. Consequently, the Game was cancelled.

On August 23, 2016, Herrick filed this putative nationwide class action on behalf of purchasers of tickets to the Game for breach of contract. The HOF is an Ohio corporation with its principal place of business in Canton, Ohio. The NFL is an unincorporated association with its principal place of business in the State of New York. Four of the NFL's members are in California. The HOF, now, moves to dismiss for lack of personal jurisdiction and venue or, in the alternative, to transfer venue. The NFL moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and joined the HOF's motion to transfer venue.

**Personal Jurisdiction over the HOF**

Although the HOF is the moving party, Herrick bears the burden of establishing that this Court has personal jurisdiction over the HOF. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Personal jurisdiction can be either general or specific. Herrick did not argue that the Court has general personal jurisdiction over any of the Defendants.

For the Court to have specific personal jurisdiction over an out-of-state defendant: (1) The claim asserted must relate to the HOF's forum-related, *i.e.* California, activities; (2) The HOF must have purposefully availed or directed itself of the benefits and protections of California's laws; and (3) The exercise of personal jurisdiction over the HOF must be reasonable, such that it comports with fair play and substantial justice. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). With respect to the second prong — whether the HOF purposefully availed or directed itself — cases sounding in contract, such as this one, are generally analyzed under the

"purposeful availment" standard. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

As an initial matter, it is unclear whether Herrick's claim relates to the HOF's forum-related activities. Herrick does not allege or argue that his Game tickets were purchased in California.

Purposeful availment can be established by evidence that the HOF performed an act in California, such as executing or performing a contract. *See Schwarzenegger*, 374 F.3d at 803. However, assuming *arguendo* that Herrick's Game ticket was a "contract" and that it was "executed" in California, merely executing a contract is not necessarily independently sufficient to establish minium contacts. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). This holds particularly true where, as here, the contract "was a one-time contract . . . that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there." *See Boschetto*, 539 F.3d at 1019. Here, the Game ticket did not create a "substantial connection" because, beyond the allegation that Herrick visited the HOF's website, and the implication that Herrick purchased the tickets on the website while physically in California, Herrick does not allege any further interaction with the HOF or its website, such as negotiating the terms of the contract. *See Boschetto*, 539 F.3d at 1019. Moreover, the Game ticket did not create any "ongoing obligations" in California because the Game was scheduled to take place in Ohio. *See Boschetto*, 539 F.3d at 1019. Thus, Herrick has not established purposeful availment.

In light of the foregoing, the Court need not consider whether the exercise of jurisdiction would be reasonable. *See Schwarzenegger*, 374 F.3d at 802. Herrick did not meet his burden to show the existence of personal jurisdiction over the HOF.

A district court that lacks jurisdiction over a party may transfer the case to a district where jurisdiction is proper in the interests of justice. 28 U.S.C. § 1631. The HOF represents — and Herrick does not dispute — that the Stadium and the HOF are

located in the Northern District of Ohio. Accordingly, this case with respect to the HOF is transferred to the Northern District of Ohio pursuant to 28 U.S.C. § 1631.

**Transfer of Venue with Respect to the NFL**

The Court may transfer venue for the convenience of parties and witnesses or in the interest of justice to any other district where this action might have been brought. *See* 28 U.S.C. § 1404(a). The purpose is to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

With respect to party witnesses, employees of the HOF appear to live in Ohio. More importantly, transfer would, also, convenience non-party witnesses. For example, the complaint alleges that the Game was cancelled after the Stadium's grounds workers tried to correct a small mistake with a series of fixes that only made things worse. Those workers appear to be third-party contractors living in Ohio. Further, the complaint seeks damages, in part, based on Gameday purchases made by ticket holders from employees at concession stands. Those vendors appear to be employees of a third-party Stadium vending company and those employees live near the Stadium in Ohio. Taken together, these factors weigh heavily in favor of transfer as the convenience of witnesses is "probably the most important factor in deciding" whether to transfer a case. *Filmline (Cross Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989) (quotations and alteration omitted). Indeed, the convenience of non-party witnesses is the most important convenience factor; more important that the convenience of party witnesses. *See, e.g., Kaur v. U.S. Airways, Inc.*, 2013 WL 1891391, *5 (N.D. Cal. May 6, 2013).

Lastly, the interests of justice weigh in favor of transfer. In considering the interests of justice, the Court may consider eight factors:

(1) the location where the relevant agreements were negotiated and

executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The "location where the relevant agreements were negotiated and executed" neither weighs for or against transfer because there are no allegations or evidence that Herrick purchased his game tickets in California. The "state that is most familiar with the governing law" weighs in favor of transfer because contracts in diversity cases in this forum are interpreted under the substantive law of the place of performance, Cal. Civ. Code § 1646, and the place of performance was at the Stadium in Ohio. Although "the plaintiff's choice of forum" is generally accorded substantial weight, *North Acceptance Trust 1065 v. Gray*, 423 F.2d 653, 654 (9th Cir. 1970), Herrick's choice of forum is given less weight because he represents a nationwide class. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Accordingly, this factor only minimally weighs against transfer. The remaining factors weigh in favor of transfer. The Game was to be played in Ohio and the people responsible for its cancellation are not in California.

Consequently, it is proper to transfer the case with respect to the NFL to the Northen District of Ohio pursuant to § 1404(a).

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that this case be, and hereby is, 𝔗𝔯𝔞𝔫𝔰𝔣𝔢𝔯𝔯𝔢𝔡 to the Northern District of Ohio.

𝔍𝔱 𝔦𝔰 𝔉𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Plaintiff's motion for an order limiting Defendants' communications with class members should be resolved by the Northern District of Ohio.

Date: March 6, 2017

_____
Terry J. Hatter, Jr.
Senior United States District Judge