**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CARMELO TREVISO, Individually and on behalf of all others similarly situated ) ) ) | CASE NO.5:17CV00472 |
| Plaintiff, ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) ) | |
| NATIONAL FOOTBALL MUSEUM, INC., ) ) ) | ORDER |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

      The Court has rejected full Class certification due to the highly individualized nature of the Class damages, but has certified a liability-only Class of ticket holders. What remains at this juncture is a suitable Class notice. The parties dispute the Class notice proposed by Plaintiffs. For the following reasons, the Court rejects, in part, and adopts, in part, Defendant's objections to Plaintiffs' Class notice.

      The Court has granted certification of a liability-only Class of ticket holders to the 2016 Hall of Fame Game in Canton, Ohio. Plaintiff has subsequently submitted his proposed Notice to the Class for approval. Based on Defendant's estimation, there are over 3,600 potential Class members. Depending on the contact information in Defendant's possession, Plaintiff proposes Notice via email, text message, direct mail and a website posting. Plaintiff requests that the

Court order Defendant to produce to Plaintiff in electronic format, preferably via an Excel Spreadsheet, the class contact information within Defendant's possession. Plaintiff further requests that the Notice allow Class members ninety days to opt out.

Defendant opposes the Notice because it fails to inform the Class that it is a liability-only Class. This is important because each member will have to produce evidence of their damages, unlike a typical class, where the class representative's damages are presumed class wide. Defendant further argues that the Notice should include an opt-out form and the class definition in the proposed text message notice should include the fact that only those attendees who did not accept the Hall of Fame reimbursement offer are members of the Class.

Plaintiff believes that the Notice is adequate as is and adding further statements further describing the Class as a liability-only Class will only confuse the reader. Plaintiff does not oppose the inclusion of an opt-out form but contends that there is no need to include in the text notice additional language that the Class consists of only those that did not accept the Hall of Fame reimbursement. This information is within the sole possession of Defendant and Defendant can limit the contact information to only ticket purchasers who did not accept the Hall of Fame reimbursement offer.

Federal Rule of Civil Procedure 23 requires that class notice "must clearly and concisely state in plain, easily understood language:

**(i)** the nature of the action;

**(ii)** the definition of the class certified;

**(iii)** the class claims, issues, or defenses;

**(iv)** that a class member may enter an appearance through an attorney if the member so desires;

**(v)** that the court will exclude from the class any member who requests exclusion;

**(vi)** the time and manner for requesting exclusion; and

**(vii)** the binding effect of a class judgment on members under Rule 23(c)(3)."

"Certification notice for class actions under Fed. R. Civ. P. Rule 23(c)(2) must be given before class members can be legally bound.  And Rule 23(b)(3) class certification cannot bind a class without providing adequate notice as required by the Due Process Clause." *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603 (6th Cir. 2019) citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).  ("The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel."); "Moreover, notice that is 'incomplete or erroneous or ... fails to apprise the absent class members of their rights' does not satisfy due process." *Faber*,  944 F.3d at 603 quoting 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1797.6 (2d ed. 1996).

The parties agree on the methods of Notice and on the ninety day opt-out period and the Court adopts those provisions.   Moreover, Plaintiff does not oppose the inclusion of an opt-out form as proffered by Defendant and the Court orders the inclusion of Defendant's opt-out form with the Notice.  The Court further agrees, in part, with Defendant, that the text notification should include the proviso that only those individuals who did not accept the Hall of Fame reimbursement offer are included in the Class.  This need not be accomplished by including it in the Class definition but simply as an additional sentence as was provided in the other proposed Notice methods.

The Court further agrees with Defendant that the Notice must clearly indicate it is a

3

liability-only Class.  The parties shall confer and submit to the Court agreed upon language that satisfies this requirement.   However, the Court suggests the parties consult the Notice approved by the Court in Case No 08WP65000, *In Re Whirlpool Corp. Front-Loading Washer Products Liability Litigation* at ECF # 148 that included the following liability-class language:  "If Plaintiffs are successful, you will be notified about how to make an individual claim for money or benefits."

The Court orders the parties to confer and submit to the Court no later October 22, 2021 agreed upon notice in accordance with the rulings above.

IT IS SO ORDERED.


                                       /s/Christopher A. Boyko  
                                      CHRISTOPHER A. BOYKO  
                                      Senior United States District Judge