UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CARMELO TREVISO, Individually and on behalf of all others similarly situated** | ) ) ) | CASE NO.5:17CV00472 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | |
| **NATIONAL FOOTBALL MUSEUM INC., dba PRO FOOTBALL HALL OF FAME,** | ) ) ) ) | ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Carmelo Treviso's unopposed Motion for Final Approval of Class Action Settlement, and for Attorneys' Fees, Costs, and Service Award. (ECF # 185). The Motion was referred to the Magistrate Judge for a Report and Recommendation. After a Final Fairness Hearing held on November 17, 2023, and after additional briefing, the Magistrate Judge issued her Report and Recommendation on February 12, 2024 (ECF # 189), recommending the Court Grant Final Approval and Adopt and Issue Plaintiff's Proposed Order and Final Judgment. For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation and grants Plaintiff's Motion.

Plaintiff asserts a single claim for Breach of Contract on behalf of himself and a class of ticket holders who were denied the chance to watch the 2016 Hall of Fame Game when Defendant abruptly and without advance notice, cancelled the game due to dangerous field

conditions. The Court denied Plaintiff's original Motion for Class Certification, holding that "class certification is not the superior method for addressing the breach of contract claims because the class representative's claims are not typical of the class as the class definition includes those who have already settled with Defendant and released their claims and the highly individualized nature of the damages sought by Plaintiff demonstrates that class issues do not predominate over individualized issues." However, the Court allowed Plaintiff the opportunity to file a renewed motion that revised the class definition to exclude those ticket holders who had settled with Defendant and to allow the Court to consider certifying a liability-only class under Fed. R Civ. P. 23(c)(4). On November 30, 2020, the Court granted Plaintiff's Amended Renewed Motion for Class Certification and Appointment of Counsel and certified a liability only class. Thereafter, the Court held a settlement conference, resulting in a class-wide settlement of Plaintiff's Breach of Contract claim.

On July 6, 2023, the Court granted the Joint Motion for Preliminary Approval of Class Action Settlement, Notice and Class Counsel's Fees. That order was amended on July 11, 2023. The Court certified a class defined as:

> All persons who paid for and/or acquired tickets to the 2016 NFL Hall of Fame Game, excluding Reimbursed Class Members, any judge who presides over this action, as well as past and present employees, officers, and directors of Defendant. The term "Reimbursed Class Members" are persons who paid for and/or acquired tickets to the 2016 Pro Football Hall of Fame Game and accepted reimbursement from Defendant by submitting completed copies of "The 2016 Pro Football Hall of Fame Game Reimbursement Election Form" to Defendant.

There was some overlap between what was preliminarily approved and what had already been granted at class certification but the Court approved the Rule 23 Class based on the fact that

the settlement class size was over 3,580 individuals; all class members suffered the same injury from the cancelled game including the costs of tickets, travel and lodging expenses; and the class representative's claims were typical of the class and suffered the same injury with no defenses unique to him that would make him unfit to serve as class representative.

Ahmed Ibrahim was approved as class counsel based on his experience and expertise in conducting class action litigation.  Notice was approved as it provided the best method for reaching the largest number of class members via email, text and postcard delivery to the last known addresses of class members and included publication notice.

The proposed settlement was also preliminarily approved as it provided substantial recovery to the class.  The Class could obtain reimbursement for documented expenses or undocumented expenses online or by regular mail.  The settlement amount totals $750,000, which includes cash payments to the class, attorney fees, costs and a service award to the class representative and designates a *cy pres* recipient for any funds remaining after all approved claims and fees have been paid.

The settlement provides two distinct settlement options.  Option A for documented expenses provides full compensation for expenses supported with documentation and Option B which is for undocumented expenses.  Class payments will be made upon request either by paper check, Venmo or Paypal.

CPT Group, Inc was preliminarily approved as the claims administrator and has already been approved in class certification and their costs and expenses will be borne by Defendant.

The parties agreed and the Court preliminarily approved attorney fees of no more than $187,500 which amounts to 25% of the amount provided to the class.

3

The Court preliminarily approved Plaintiff's counsel requests for a service award of $5,000 for named Plaintiff. Costs for counsel, totaling no more than $100,000, were also preliminarily approved.

For documented claims, each claimant will receive up to $250 per ticket purchased and up to $600 for travel expenses per person for air or train travel. If travel by car, then up to $100 for travel expenses, up to $289 per night for lodging expenses per person and up to $50 for parking expenses. If undocumented expenses then the class will receive the face value of ticket purchased and $300 per person for total travel and lodging expenses.

**Magistrate Judge's Report and Recommendation**

On October 20, 2023, Plaintiff moved for final approval of the class settlement, fees and expenses. The Court referred the matter to the Magistrate Judge on November 8, 2023 for a final fairness hearing and a Report and Recommendation on the Motion. The Magistrate Judge held the hearing on November 17, 2023. At the final fairness hearing there were no objections to the settlement and no class member opted out of the class.

However, the Magistrate Judge ordered additional briefing on whether the settlement was fair, adequate and reasonable in light of the fact that of the 2,245 claims made by the Class, only 68 were determined by the Claims Administrator to be valid. After the additional briefs were submitted, the Magistrate Judge recommends that Plaintiff's Motion be granted.

The Magistrate Judge found that the class counsel and class representative adequately represented the interests of the class as Plaintiff participated in discovery and was prepared to attend and testify at trial. Class counsel participated in discovery, obtained class certification and actively engaged in class settlement negotiations. The Magistrate Judge further found that class

4

counsel were highly experienced in class action litigation.

Because the Court presided over the settlement conference wherein settlement was achieved, it can bear witness to the fact that there was no collusion and the negotiations were conducted at arms-length.  Moreover the Magistrate Judge noted that attorneys' fees were determined only after the parties successfully negotiated the class settlement amount.

The Magistrate Judge further found that the relief provided to the class is adequate in light of the inherent risks of litigation.  Furthermore, the settlement called for parties to receive reimbursement for their ticket costs, two nights lodging, transportation costs and parking expenses with adequate documentation.  In the absence of such documentation, claimants could still receive the face value of the ticket purchase along with $300 for other expenses.

The Magistrate Judge considered the effectiveness of the distribution method in light of the low claims rate.  While the total number of claims approved was only 68 of 2,245 claimants, the 68 approved claimants purchased tickets on behalf of other attendees, raising the total number of approved claimants to 191 class members.  Thus, the total percentage of approved claimants was 5.34%.  The Magistrate Judge found that courts throughout the country, including the Sixth Circuit, have approved claims approval rates between 3% and 5%.

The Magistrate Judge further noted that a low response rate is not definitive in circumstances such as those before the Court where most class members could not be identified by reasonable efforts, even though notice was extensive and provided via multiple formats.  The list of 633 potential class members provided by Defendant and utilized by the Claims Administrator was not a database of the total 3,580 individuals who attended the game and could only be partially accounted for as people often bought tickets on behalf of multiple attendees.

5

Moreover, the Court had already found the notice plan "comprehensive and provides the best notice practicable" as it included notice via email, text, postcards and online notice through social media digital marketing and advertising.

The Magistrate Judge found persuasive class counsel's argument that the low claims rate was not the result of a lack of effort on notice, but rather was likely the result of the age of the case and lack of a direct contact list of actual, known class members. Finally, the low claims rate will not result in absolving Defendant of its obligation to pay as the remaining unpaid claims will be paid to a *cy pres* beneficiary. For all these reasons, the Magistrate Judge recommends the Court find the settlement fair, reasonable and adequate.

Considering the amount of attorney's fees requested and the timing of their payment, the Magistrate Judge found them reasonable. First, she determined there were no side or contemporaneous agreements between counsel. Second, she found the settlement treats all class members equitably in relation to each other. She did not find the service award payment to Treviso created an inequitable difference in the class recovery, as Treviso performed additional tasks as class representative that were not required of the class in general. Third, the Magistrate Judge determined that the Notice was sufficient based on the foregoing reasons and further found that low claims rate did not reflect any issues with the Notice but instead, was the result of the age of the case and lack of a direct contact list. Morever, the reach of the Notice was extensive, involving 5,080,887 viewable impressions via mobile and desktop devices, resulting in 7,774 clicks to the website.

The Magistrate Judge further recommends the Court finally approve the attorneys' fees, costs and expenses. Having examined the reasonableness of the fee award under the "percentage

6

of the fund" method, the Magistrate Judge found that the settlement fund totals $750,000. The parties agreed to Plaintiff's attorneys' fee award of $187,500, which comprises 25% of the total settlement amount. In examining typical awards approved by courts nationwide, the Magistrate Judge found that 25% is the benchmark standard for percentage of the fund cases.

The Magistrate Judge further found that class counsel's work achieved a valuable benefit for the class for members that did not accept the Defendant's reimbursement offer in 2016 by providing recovery for ticket prices, travel and lodging expenses. Moreover, the claims rate was typical for class actions and should not result in any penalty to class counsel. Also, counsel took the case on a contingency basis and due to the complexity of the case, recovery for the class was not a given. When compared to the lodestar method of calculating fees, counsel's $187,500 is less than half of what they would be entitled to under a lodestar calculation.

Plaintiff requests $71,476.46 in litigation costs and expenses, including: (1) $60,674.44 in expenses to CPT Group for giving notice to class members of class certification and of the trial in this matter; (2) $1,833.33 in private mediation fees; (3) $5,688.58 in court reporter fees; (4) $925.99 in miscellaneous costs (e.g., messenger and courier services, etc.); and (5) $2,354.12 in travel costs for Mr. Ibrahim to travel to Cleveland for the 2022 private mediation and 2023 settlement conference. Class counsel also asks the Court to approve a $100,000 payment to CPT for settlement and administration costs. Under the common fund method, Plaintiff is entitled to reasonable expenses and costs. The Magistrate Judge recommends the Court find the above expenses reasonable.

Lastly, the Magistrate Judge recommends the Court approve the service award payment of $5,000 to Treviso as reasonable and without objection.

On February 15, 2024, the parties filed a Joint Request to Issue Final Order on Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Service Award, and to Enter Final Judgment. (ECF # 190). In their Joint Request, the parties represent they have no objections to the Magistrate Judge's Report and Recommendation and they note that no class member has objected or opted out of the settlement. Federal Rule of Civil Procedure 72 provides that objections to a report and recommendation must be filed within fourteen days after service. FED. R. CIV. P. 72(b). The parties have indicated they have no objections to the Report and Recommendation, therefore, any further review by this Court would be duplicative and an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd* 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In light of the Magistrate Judge's thorough and well-reasoned Report and Recommendation and in the absence of any objections by counsel, class member or public official, the Court ADOPTS the Magistrate Judge's Report and Recommendation and approves the settlement as fair, adequate and reasonable. Final Order to issue.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge