## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CARMELO TREVISO, Individually and on behalf of all others similarly situated | ) ) ) | CASE NO.5:17CV00472 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | |
| NATIONAL FOOTBALL MUSEUM INC., dba PRO FOOTBALL HALL OF FAME, | ) ) ) ) | FINAL SETTLEMENT ORDER AND JUDGMENT |
| Defendant. | ) ) | |

**CHRISTOPHER A. BOYKO, J:**

IT IS ORDERED:

1.      This Judgment incorporates by reference the definitions in the Class Settlement

Agreement and Release dated June 19, 2023 (the "Settlement"), attached hereto as Exhibit A

(and previously filed on the docket in this case at ECF No. 181-1), and all capitalized terms used

herein shall have the same meanings as set forth in the Settlement unless set forth differently

herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully

here.

2.      The Court has jurisdiction over the subject matter of this action and all Parties to the

action, including all Settlement Class Members who did not timely exclude themselves from the

Class. There were no Settlement Class Members who timely excluded themselves from the

Class.

3.      Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following

Settlement Class:

> All persons who paid for and/or acquired tickets to the 2016 NFL Hall of Fame
> Game, excluding Reimbursed Class Members, any judge who presides over this
> action, as well as past and present employees, officers, and directors of
> Defendant. The term "Reimbursed Class Members" are persons who paid for
> and/or acquired tickets to the 2016 Pro Football Hall of Fame Game and
> accepted reimbursement from Defendant by submitting completed copies of "The
> 2016 Pro Football Hall of Fame Game Reimbursement Election Form" to
> Defendant.

4.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who

satisfy the class definition above, except those Settlement Class Members who timely and

validly excluded themselves from the Class (of whom, as noted above, the Court is aware of no

such person), are Settlement Class Members bound by this Judgment.

5.      The Court finds, pursuant to Federal Rule of Civil Procedure 23(a), that Carmelo

Treviso is a member of the Settlement Class, his claims are typical of the Settlement Class and

he fairly and adequately protected the interests of the Settlement Class throughout the

proceedings in this action. Accordingly, the Court appoints Carmelo Treviso as the class

representative of the Settlement Class.

6.       The Court finds that the Settlement Class meets all the requirements of Federal Rules of

Civil Procedure 23(a) and (b)(3) for certification of the class claim alleged in the operative

complaint in the Action, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy

of the class representative and Class Counsel; (e) predominance of common questions of fact and

law among the members of the Settlement Class for purposes of settlement; and (f) superiority.

7.      The Court finds that, having considered the factors set forth in Rule 23(g)(1) of the

Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class

for purposes of entering into and implementing the Settlement. Accordingly, the Court appoints Class Counsel as counsel to represent the Settlement Class Members.

8.      The Court directed that notice be given to Settlement Class Members by e-mail, mail, text message and other means pursuant to the notice program proposed by the Parties in the Settlement and approved by the Court. The declaration from CPT Group, Inc. attesting to the dissemination of notice to the Settlement Class demonstrates compliance with this Court's Amended Order Granting Preliminary Approval of Class Settlement (ECF No. 184.) The notice program set forth in the Settlement successfully advised Settlement Class Members of the terms of the Settlement, the Final Fairness Hearing, their right to appear at such hearing; their rights to remain in or opt out of the Settlement Class and to object to the Settlement; the procedures for exercising such rights and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class.

9.      The distribution of notice to the Settlement Class constituted the best notice practicable under the circumstances and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

10.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the Settlement proposed by the Parties is fair, reasonable and adequate. The terms and provisions of the Settlement are the product of arms-length negotiations conducted in good faith and with the assistance of the Court at a formally convened settlement conference.  No objection to the Settlement (timely or otherwise) has been filed. Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties and will further the interests of justice.

11.     Upon entry of this Final Settlement Order and Judgment, the named Plaintiff, and each Settlement Class Member, shall be deemed to have fully, finally and forever released and discharged all Settlement Class Member Released Claims against Defendant and all other Released Parties, as defined in the Settlement.

12.     All Settlement Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Settlement.

13.     Plaintiff Carmelo Treviso initiated the Action, acted to protect the Settlement Class and assisted his counsel. His efforts have produced the Settlement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class. Plaintiff Carmelo Treviso is therefore entitled to an incentive award of $5,000. Class Counsel is entitled to reasonable attorneys' fees, which the Court finds to be $187,500, and costs in the amount of $71,476.46.  Claims administrator CPT Group, Inc. is entitled to $100,000 for settlement and claims administration costs.

14.     CPT Group, Inc., in the exercise of its discretion and authority granted to it under the Settlement Agreement to review, verify and process claims submitted by Settlement Class Members, is authorized to pay Settlement Class Members who have made timely claims and satisfied the requirements for submitting valid and acceptable claims as defined and described in the Settlement. If the total value of all Verified Claims is less than the Net Settlement Amount, the remaining amount available to pay Verified Claims (i.e., the Net Settlement Amount minus the total value of all Verified Claims) shall be paid to the *cy pres* Beneficiary (i.e., the Stark County Domestic Violence Project). On the other hand, if the total value of all Verified Claims exceeds the Net Settlement Amount, then the total amount paid on the Verified Claims shall be

4

limited to the Net Settlement Amount, but the amount paid on each Verified Claim will be reduced equally for all Settlement Class Members on a pro-rata basis.

15.     The Court dismisses with prejudice the claims of the Settlement Class Members in the Action and the Released Parties are released from all further liability for the Released Claims, as defined in the Settlement.

16.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement and all matters ancillary thereto.

17.     The Parties are authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Settlement, including without limitation, the claim review and verification procedure and criteria that are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Settlement.

18.     The clerk is directed to enter this Judgment forthwith.

        IT IS SO ORDERED.


                        /s/Christopher A. Boyko
                        CHRISTOPHER A. BOYKO
                        United States District Judge